Mohamed Salame **ABOCHOAYRA,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney**
General, Respondent.

No. 06–5518–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Neil A. Weinrib, Neil A. Weinrib & Associates, New York, NY., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Trial Attorney, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Mohamed Salame Abochoayra, a native and citizen of Egypt, seeks review of a November 6, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In re Abochoayra,* No. A75 924 898 (B.I.A. Nov. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. See *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As a preliminary matter, to the extent that Abochoayra attempts to reargue the merits of the underlying denial of his asylum and withholding of removal application, that decision is not properly before this Court. Only the BIA's November 2006 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

The BIA did not exceed its allowable discretion in finding that Abochoayra failed to present material evidence of changed country conditions to justify granting his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). The BIA appropriately found that the evidence Abochoayra submitted described ongoing human rights abuses but did not demonstrate a change in country conditions in Egypt. Moreover, the BIA properly noted that the evidence did not reflect any changes relevant to Abochoayra's specific claim as a Sunni Muslim considered suspect due to his association with non-Sunni Muslims. Indeed, Abochoayra's allegations that abuses "continued" and that the Egyptian government's support for human rights "remained" poor do not, on their face, support that there has been any change.

Nor did the BIA exceed its allowable discretion in denying Abochoayra's motion to reopen based on the birth of his daughter. The BIA appropriately found that Abochoayra failed to identify the relevancy of his daughter's birth to his eligibility for any relief from removal. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED.